IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NATAZIE NKENGANYI,

       **Petitioner,**

v.                                                                                                   **2:26-cv-00638-DHU-DLM**

KRISTI NOEM, DHS Secretary; PAMELA
BONDI, U.S. Attorney General; TODD
LYONS, Acting ICE Director; MARY DE
ANDA-YBARRA, ICE Director of El Paso
Field Office; and DORA CASTRO, Warden
of Otero County Processing Center,

       **Respondents.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

**THIS MATTER** is before the Court on Petitioner Natazie Nkenganyi's Petition for Writ

of Habeas Corpus ("Petition"). Doc. 1. For the reasons below, the Petition is **GRANTED.**

    **I.**       **FACTUAL BACKGROUND**

Petitioner is a citizen of Cameroon who entered the U.S. on October 17, 2024, and

submitted an application for asylum and withholding of removal (Form I-589) in December 2024.

Doc.1 at ¶¶ 10, 19. After being apprehended by ICE, Petitioner was released on her own

recognizance. *Id.* at ¶ 21. During a scheduled check-in at a later date, ICE took Petitioner into

custody. *Id.* Petitioner is currently detained at the Otero County Processing Center in Chaparral,

New Mexico. *Id.* at ¶ 10.

On January 8, 2026, an Immigration Judge ("IJ") ordered Petitioner's removal, which she appealed to the Board of Immigrations Appeals (BIA) on January 15, 2026. *Id.* at ¶¶ 22-23. The appeal remains pending.[1] *Id.* at ¶ 23.

On March 4, 2026, Petitioner filed the instant Petition, asking this Court to:

(1)  Assume jurisdiction over this matter;

(2)  Prohibit Petitioner's removal from the United States and transfer outside the District of New Mexico during the pendency of this action;

(3)  Grant the writ of habeas corpus and order Petitioner's immediate release from ICE custody or, alternatively, conduct an immediate, constitutionally adequate individualized custody determination, where the government bears the burden to justify continued detention and the Court considers release on bond or other reasonable conditions of supervision;

(4)  Award Petitioner her costs and reasonable attorneys' fees; and

(5)  Grant such other and further relief as law and justice require.

*Id.* at 13.

On March 18, 2026, Respondents responded to the Petition, asserting that the facts of this case are "substantially similar" to *Requejo Roman v. Castro*, CIV. A. No. 25-1076, 2026 U.S. Dist. LEXIS 15709 (D.N.M. Jan. 12, 2026), and that "this Court's decision in *R[e]quejo Roman v. Castro*, would control the result here if the Court adheres to that decision, as the facts are not

---

[1] An order of removal becomes final upon the dismissal of that appeal or an order by the BIA. 8 C.F.R. § 1241.1. The "removal period" begins when the removal order becomes administratively final. 8 U.S.C. § 1231(a)(1)(B). Commencement of the "removal period" triggers mandatory detention. 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."). Petitioner's removal proceeding is not final, and her "removal period" has not commenced. Accordingly, 8 U.S.C. § 1231(a)(2)(a) is not implicated at this stage of the administrative proceedings.

materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Doc. 7 at 2. Respondents did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argue that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Id.*

## II.     LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing she is being unlawfully detained in violation of the INA and her Fifth Amendment due process rights.

The Fifth Amendment's Due Process Clause prohibits the government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.     DISCUSSION

The facts of this case are materially indistinguishable from prior cases this Court has decided—such as *Requejo Roman* and *Velasquez Salazar v. Dedos et al.*, ——F.Supp.3d——, 2025 WL 2676729 (D.N.M. 2025)—involving habeas petitioners who were detained within the United States rather than at a border crossing or port of entry. "Following its decisions in *Requejo Roman* and *Salazar*, as well as the decisions of virtually all other federal courts who have analyzed

3

this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under 8 U.S.C. § 1226 and are entitled to a bond hearing." *Uribe v. Noem*, CIV. A. No. 25-1139, 2026 WL 127621, at *3 (D.N.M. Jan. 16, 2026) (footnote omitted).

The Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention and that the Government's misclassification of Petitioner under § 1225 and resultant denial of a bond hearing deprived her of her right to due process. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319 (1976), favor shifting the burden of proof to the Government in any future bond hearing. For a detailed account of the Court's reasoning relevant to this decision, see *Requejo Roman*.

### IV.    CONCLUSION

For the reasons stated above, Petitioner's habeas petition (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral IJ within seven (7) days of entry of this Order. If Petitioner does not receive such a hearing **on or before April 9, 2026**, she shall be immediately released. At the bond hearing, the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention. The assigned IJ is hereby ordered not to deny bond based solely on a lack of jurisdiction under the BIA's decision in *Matter of Yajure Hurtado*.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court **no later than Monday, April 13, 2026**, confirming whether a bond hearing was held and the result of said hearing.

Petitioner may submit an application for attorney's fees within thirty (30) days of this Order pursuant to 28 U.S.C. § 2412. Respondents may respond to Petitioner's application for fees no later than fourteen (14) days after Petitioner's application is filed with this Court.

**IT IS SO ORDERED**.

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE